UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TAVARES LASHAUN DALTON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:13-CR-37 |
| | ) | 2:15-CV-50 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

After pleading guilty to conspiring to distribute and to possess with the intent to distribute 280 or more grams of cocaine base, Tavares Lashaun Dalton ("petitioner") was sentenced to 240 months' imprisonment. He has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, which he has twice amended, [Docs. 549, 598, 602].[1]

**I.    Procedural and Factual Background**

On June 11, 2013, petitioner was charged, along with thirteen other defendants, in a superseding indictment with conspiring to distribute and to possess with the intent to distribute 280 or more grams of crack cocaine (Count One), and with possessing 28 or more grams of crack cocaine with the intent to distribute. (Count Two).[2] After the Court dismissed his first court-appointed attorney, Mr. Tom Rasnic was appointed to represent petitioner.[3]

On September 23, 2013, the government filed an Information To Establish Prior Convictions pursuant to 21 U.S.C. § 851 which recited that petitioner had two prior felony drug convictions, one in March, 2010 in Fulton County, Georgia and the other in March, 2011 in

---

[1]    All docket numbers refer to the docket sheet in No. 2:13-CR-37.
[2]    Doc. 55.
[3]    Doc. 268.

DeKalb County, Georgia.[4] If convicted on Count One, in light of those two prior convictions petitioner confronted a mandatory sentence of life imprisonment. 21 U.S.C. §841(b)(1)(A).

Petitioner ultimately entered into a Rule 11(c)(1)(C) plea agreement with the United States,[5] agreeing to plead guilty to Count One, distribution and possession with the intent to distribute 280 or more grams of crack cocaine. In that plea agreement, petitioner acknowledged that he was accountable for at least 280 grams of crack cocaine which established his offense level at 32; that he had a prior felony drug conviction in March, 2011 in DeKalb County, Georgia for which he was sentenced to five years of imprisonment; that he waived his right to file a direct appeal except with regard to a sentence above the greater of the minimum mandatory statutory sentence or his guideline range; and that he waived his right to file a § 2255 motion except for claims of ineffective assistance of counsel or prosecutorial misconduct unknown to him at the time of entry of the judgment.

For its part, the United States agreed that the appropriate sentence was 240 months, the minimum mandatory statutory sentence applicable to a person accountable for 280 or more grams (but less than 840 grams) of crack, and who had *one* prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A). The government also agreed to file an amended § 851 Information, stating in it that petitioner had only one prior felony drug conviction, the March, 2011 DeKalb County conviction,[6] thereby lessening petitioner's sentencing exposure to a mandatory minimum of 20 years. His resulting guideline range was 262 to 327 months' imprisonment.[7]

The Court accepted the plea agreement and accordingly sentenced petitioner to 240

---

[4] Doc. 132. The Presentence Investigation Report reflects that Petitioner in fact had four prior felony drug convictions; three in Georgia and one in North Carolina.
[5] Doc. 291.
[6] Doc. 327.
[7] Presentence Investigation Report, ¶88.

months' imprisonment.[8]

**II. Petitioner's Motion**

In his original motion, [Doc. 549], petitioner makes the following claims:

> Ground One: That the government was guilty of prosecutorial misconduct because it agreed that it would not file a §851 Information concerning the defendant's prior Fulton County, Georgia, conviction, yet it did so, as a result of which the Fulton County conviction, along with the Dekalb County conviction, was used to enhance his sentence as a "career offender";
>
> Ground Two: That the government breached its agreement to not enhance his sentence based on a prior felony drug conviction, presumably the Fulton County conviction;
>
> Ground Three: That his attorney rendered ineffective assistance by failing to appeal notwithstanding petitioner's instructions that he do so; and
>
> Ground Four: That his sentence violated the Sixth Amendment to the Constitution because it "was enhanced well beyond the advisory guideline range" as a result of the government's breach of its agreement to not file an §851 information regarding the Fulton County conviction.

In his first amendment to his motion, [Doc. 598], petitioner says that his sentence was unconstitutionally enhanced under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. In his second amendment, [Doc. 602], petitioner asserts that his 2011 DeKalb County, Georgia conviction was only for a misdemeanor offense and therefore should not have been used as a predicate offense for finding him to be a career offender under USSG § 4B1.1.

**III.    Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or

---

[8] Judgment, Doc. 439.

otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo,* 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying Brecht to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503,

506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

When a § 2255 Petitioner claims he was denied his sixth amendment right to effective assistance of counsel, it is noted that an attorney is presumed to have provided effective assistance, and the Petitioner bears the burden of showing that the attorney did not, *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). Petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," *Strickland v. Washington,* 466 U.S. 668, 687 (1987), which is measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). If Petitioner crosses this evidentiary hurdle, he must then show "a reasonable probability that, but for [the attorney's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. In other words, he must show that he was prejudiced by the attorney's deficient representation:

> To succeed on an ineffective assistance claim, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [A court's ] review of counsel's performance is "highly deferential." Id. at 689, 104 S.Ct. 2052. [The court must] "judge the reasonableness of the time of counsel's conduct." *Id*. at 690, 104 S.Ct. 2052. The defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. To establish "prejudice," a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. 2052. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. ——, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011). And, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland*,

466 U.S. at 697, 104 S.Ct. 2052.

*Docherty v. United States*, 536 Fed. Appx. 547, 551 (6th. Cir. 2013).

**IV. Analysis**

    A.     ***The Original Motion, Doc. 549***

Ground One, that the government was guilty of prosecutorial misconduct; Ground Two, that the government breached its promise to delete any reference to petitioner's prior Fulton County drug conviction; and Ground Four, that his sentence was enhanced well beyond the advisory guideline range in violation of the Sixth Amendment, will be discussed together since they have the same premise, i.e., that the government agreed that it would file no §851 Information concerning the Fulton County conviction, and that it breached that agreement. If that premise is unfounded, the legal underpinning of all three claims collapses.

The immediate and obvious problem with petitioner's premise is that the record clearly shows that the government filed an amended §851 Information on April 23, 2014,[9] almost four months before petitioner's sentencing hearing, which listed only the DeKalb county conviction. The reference to the Fulton County conviction was omitted. The government did exactly what it agreed to do in the plea agreement. There was no prosecutorial misconduct, and the government did not breach any agreement with petitioner.

Petitioner says that he was sentenced in excess of his guideline range, but quite the opposite is true; his sentence was well *below* the bottom of his guideline range, which was 262 months. The record unambiguously contradicts petitioner's assertion that the Fulton County, Georgia conviction was a factor in his sentence. He is not entitled to an evidentiary hearing on Grounds One, Two and Four in his original motion.

---

[9] Doc. 327.

Ground Three--that his attorney failed to heed petitioner's instructions to file an appeal-- is a different matter. The court is mindful that attorney Rasnic submitted an affidavit that petitioner gave him no such instruction,[10] but the law in this circuit is clear: a §2255 petitioner is entitled to an evidentiary hearing on such a claim "without regard to [petitioner's] probability of success on appeal," *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998), and deciding the issue on the affidavit of counsel is not permitted. Petitioner is entitled to an evidentiary hearing on Ground Three.

### B. First Amendment to Motion, Doc. 598

When petitioner filed this amendment, *Johnson v. United States* was pending before the Supreme Court, and petitioner only asked that his motion be held in abeyance until *Johnson* was decided. The Supreme Court has since filed its opinion, 135 S.Ct. 2551 (2015). Therefore, there is no reason to postpone a ruling on the merits of petitioner's amendment.

Petitioner argues that under *Johnson* his designation as a career offender violates due process "because the residual clause is too vague to create a clear rule [regarding what convictions qualify as predicates for career offender classification] that courts can follow." First, this claim involves neither prosecutorial conduct nor ineffective assistance of counsel, and therefore falls squarely within the waiver in the plea agreement of his right to file a §2255 motion. Such waivers are constitutional and must be enforced by the courts, *Davila v. United States*, 258 F.3d. 448, 450 (6th Cir. 2001).

Second, petitioner's repeated attempts to frame this as an issue of career offender status misses the point entirely. This is not a "career offender" case. It is not a guidelines case except to the extent that the agreed-upon sentence of 240 months was so far below the bottom of his

---

[10] Doc. 596-1.

guideline range that it gave this court pause before accepting the Rule 11(c)(1)(C) plea agreement. Rather, petitioner's sentence was *statutorily enhanced* because he had a "prior conviction for a felony drug offense." Without a prior conviction, he confronted a mandatory minimum of 10 years. With one prior conviction, his sentence was a mandatory minimum of 20 years. Had the government not amended its §851 notice as it did, the mandatory sentence would have been life, since he had at least two prior felony drug convictions. 21 U.S.C. §841(b)(1)(A).

The term "felony drug offense" used in 21 U.S.C. 841(b)(1)(A) is clearly defined in 21 U.S.C. §802(44):

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

The punishment for possessing 280 or more grams of crack cocaine increases with the number of prior convictions for felony drug offenses. There is nothing vague about the statute, and it requires no interpretation. In any event, neither the residual clause of the Armed Career Criminal Act nor the residual clause of USSG §4B1.2 came into play as far petitioner's sentence is concerned, and *Johnson* has no application. Petitioner's first amendment has no merit.

### C. *The Second Amendment, Doc. 602*

In his second amendment, petitioner argues that the DeKalb County conviction was for a misdemeanor, not a felony, and therefore should not have been used to enhance his sentence. He says that his attorney was the only person who could have known that the DeKalb County conviction could not be used to enhance his sentence which "proves ineffective counsel."

A review of the transcripts of the change of plea and sentencing hearings disposes of this claim:

At his change of plea hearing, petitioner testified under oath that he had read the plea agreement; that he understood Count One of the Superseding Indictment charged him with conspiring to distribute and to possess with the intent to distribute 280 or more grams of crack cocaine; that he understood all the terms and conditions in the plea agreement; that he was satisfied with attorney Rasnic's representation; that he understood that if the court accepted the plea agreement, Rule 11(c)(1)(c) required it to impose a 240-month sentence, no more, no less; that he understood his sentence would be 240 months' imprisonment; that he agreed he conspired to distribute and to possess with the intent to distribute 280 or more grams of crack; that for sentencing purposes he acknowledged he was accountable for at least 280 grams of crack and that his Offense Level therefore would be 32;[11] and that he had a prior felony drug conviction in 2011 in DeKalb County, Georgia for which he was sentenced to 5 years' imprisonment.[12] The plea agreement itself contained the same factual recitations.

At his sentencing hearing, petitioner suddenly took issue with the amount of crack cocaine for which he was accountable in the conspiracy, which resulted in a lengthy discussion between the court and petitioner during which this court emphasized to him that if the plea agreement was rejected, a mandatory sentence of life was again on the table. Petitioner ultimately acknowledged, again under oath, that he was responsible for at least 280 grams of crack cocaine. Significantly, the court asked him to admit or deny that he had a previous conviction for felony possession of cocaine on March 28, 2011 in DeKalb County, Georgia; petitioner answered that he did.[13]

Petitioner is bound by his sworn testimony presented to this Court during his change of plea and sentencing hearings. *Blackledge v. Allison*, 431 U.S. 63 (1997). Both in his plea

---

[11] Actually, it was 34, but that was and is of no consequence.
[12] Transcript of Change of Plea hearing, doc. 573.
[13] Transcript of sentencing hearing, Doc. 567, at 32-33.

agreement and during his testimony in the change of plea hearing, he acknowledged that he had been convicted in 2011 in DeKalb County, Georgia and that he knew his sentence would be 240 months. He again admitted under oath to this court during his sentencing hearing that he had the 2011 DeKalb County *felony* drug conviction. To allow petitioner to disavow his sworn testimony would countenance perjury and render meaningless plea colloquies, from which it would inexorably follow that guilty pleas themselves would cease to exist as a practical matter.

Furthermore, the Dekalb County conviction undeniably was for a felony. He was convicted of felonious possession of cocaine and sentenced to 5 years' imprisonment.[14] Additionally, petitioner swore to this court multiple times that he had this prior *felony* conviction, and he cannot be allowed to contradict his own sworn testimony. An attorney is not ineffective for failing to make a spurious or frivolous argument, *Strickland v. Washington*, 466 U.S. 668, 687 (1987), and this claim would have been such.

### VI. Conclusion and Order

With the sole exception of petitioner's claim that his attorney failed to file an appeal after being instructed to do so, petitioner's motion and the amendments thereto have no merit. He is not entitled to an evidentiary hearing on them and they are DENIED.

Regarding the claim that his attorney failed to file an appeal, an evidentiary hearing is required. This single issue is **REFERRED** to Dennis H. Inman, Magistrate Judge, pursuant to 28 U.S.C. §636 to conduct that hearing; to issue such orders as necessary to accomplish the task; and thereafter submit his Report and Recommendation to this court.

Entry of a judgment will abide the filing of the Magistrate Judge's Report and Recommendation.

---

[14] Presentence Investigation Report, ¶62.

SO ORDERED:

                                                      s/J. RONNIE GREER
                                           UNITED STATES DISTRICT JUDGE