UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:13-CR-00037-05-JRG |
| | ) |
| TAVARES LASHAUN DALTON | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 868].[1] The Federal Defender Services of Eastern Tennessee has declined to file a supplement. [Doc. 925]. The United States opposes Defendant's request for a sentence reduction. [Doc. 928]. As discussed below, Defendant's motion will be **DENIED**.

I.  **BACKGROUND**

In April 2014, Defendant pled guilty to conspiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). [Docs. 291, 323]. Defendant initially faced an enhanced minimum sentence of life imprisonment, due to his prior felony drug convictions. [Doc. 132]. However, pursuant to a Rule 11(c)(1)(C) plea agreement, the United States filed an amended § 851 notice, which subjected Defendant to a lesser enhanced mandatory minimum sentence of 240 months. [Doc. 291]. The Court sentenced Defendant to the statutorily mandated 240 months, followed by ten years of supervised release. [Doc. 439 at 2]. Earlier this year, Defendant's sentence was executively commuted to expire on July 16, 2025 [Doc. 922 at 27], resulting in a sentence of 186 months and 24 days [Doc. 928-1].

Defendant seeks compassionate release based on his "unusually long" sentence. [Doc. 868

---

[1] Defendant previously filed three other compassionate release motions, which the Court denied for failure to exhaust administrative remedies [Doc. 773], failure to support his claims with medical documentation [Doc. 802], and failure to establish extraordinary and compelling reasons for his release [Doc. 818].

at 3–4]. The United States asserts that Defendant's motion should be denied because he has not provided extraordinary and compelling reasons for his release, especially in light of his presidentially commuted sentence, and the § 3553(a) factors weigh against a sentence reduction. [Doc. 928 at 4–7].

## II. DISCUSSION

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), a district court is authorized to reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).[2]

Here, Defendant seeks compassionate release based on the disparity between the sentence he received and the sentence he would likely have received under Section 401 of the First Step Act. [Doc. 868 at 3–4]. He points out that under Section 401, he would have faced a reduced mandatory minimum sentence of 180 months, rather than 240 months. [*Id.* at 4]. Changes in the law may be considered in determining whether the defendant's circumstances are extraordinary

---

[2] Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Documentation provided by the United States shows that Defendant requested compassionate release from the warden at his prison and the warden denied that request. [Doc. 928-2].

and compelling when: (1) the defendant received an "unusually long" sentence; (2) the defendant has served at least ten years of imprisonment; (3) the change in the law produces a "gross disparity" between the defendant's sentence and the sentence likely to be imposed at the time the motion is filed; and (4) the court has fully considered the defendant's individualized circumstances. U.S.S.G. §1B1.13(b)(6). However, Defendant's presidentially commuted sentence is only approximately seven months longer than the 180-month sentence he might have received under the First Step Act. Hence, there is not a "gross disparity" between his sentence and the sentence likely to be imposed today. And the length of Defendant's sentence does not qualify as an extraordinary and compelling reason for his release.

### III. CONCLUSION

Because Defendant has not provided an extraordinary and compelling reason for a sentence reduction, the Court need not reach the § 3553(a) factors. Defendant's motion for compassionate release [Doc. 868] is **DENIED**.[3]

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Defendant also requests a reduction in his term of supervised release. However, § 3582(c)(1)(A) only authorizes courts to reduce a defendant's term of imprisonment. It does not allow courts to reduce a term of supervision. *United States v. Yepez*, 108 F.4th 1093, 1100 (9th Cir. 2024) ("The compassionate release provision cannot be used to shorten a term of supervised release.").